IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ALAN RODEMAKER**, <br><br>    Plaintiff, <br><br> v. <br><br> **CITY OF VALDOSTA BOARD OF EDUCATION, et al.,** <br><br>    Defendants. | Civil Action No. 7:21-CV-76 (HL) |

**ORDER**

Before the Court is Plaintiff Alan Rodemaker's Motion for Reconsideration. (Doc. 53). Plaintiff moves pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's August 31, 2022 Order granting Defendant City of Valdosta Board of Education, or in the alternative Valdosta City School District's ("School Board") Motion for Summary Judgment. (Doc. 51). Plaintiff contends the Court erred in concluding that the School Board and its individual members were in privity for purposes of the res judicata analysis. For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

Rule 59(e) allows a party to move to alter or amend the judgment in a civil case within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). Only two circumstances warrant reconsideration under Rule 59(e): (1) newly discovered evidence; or (2) manifest errors of law or fact. See Arthur. v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). A Rule 59(e) motion cannot be used "to

relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Rather, the Rule provides the district court the opportunity "to rectify its own mistakes in the period immediately following" its decision, to "reconsider[ ] matters properly encompassed in a decision on the merits," and "to clarify [the court's] reasoning or address arguments . . . passed over or misunderstood before." Banister v. Davis, --- U.S. ---, 140 S. Ct. 1698, 17093, 1708 (2020).

On January 28, 2020, members of the School Board voted 4-5 not to renew Plaintiff's employment contract as the head football coach at Valdosta High School. In response to the public's outcry, the Board reconvened on February 11, 2020, to re-address the subject of Plaintiff's contract. The Board again voted in favor of nonrenewal. Plaintiff filed suit in this Court pursuant to 42 U.S.C. § 1981 and § 1983 against the five black School Board members in their individual capacities on April 23, 2020, alleging that these members discriminated against him based on his race when they voted to terminate his employment. The Court entered judgment in favor of the five School Board members on September 8, 2021, following the Eleventh Circuit Court of Appeal's ruling that the Board members were entitled to qualified immunity.

Plaintiff filed this lawsuit on June 18, 2021, alleging he was discriminated against based on his race in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e to 2000e-17. In the second lawsuit, Plaintiff sued both the School Board and the five black Board members "individually as [a]gents" of the School Board. The School Board moved for summary judgment, arguing that Plaintiff's claims against the Board were barred by the doctrine of res judicata. Plaintiff asserted that res judicata did not preclude his claims because the School Board was not in privity with the School Board members, who were named in their individual capacities in the first suit, and because the two lawsuits did not raise the same claims for relief or, alternatively, because he could not have raised his Title VII claims in the previous lawsuit.

In rendering its decision in favor of the School Board, the Court recognized the general principle that a government official sued in her individual capacity is not necessarily in privity with the government. See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.7 (11th Cir. 2013). This concept is consistent with the dictates of Monell, which provides that 42 U.S.C. § 1983 does not impose *respondeat superior* liability on a municipality unless it is shown both that an employee of the municipality acted unlawfully and that the individual's actions were undertaken pursuant to a law, custom, or policy of the municipality. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of the employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986).

But acts of certain individuals, such as a legislative body, always constitute a policy or action of the governmental entity:

> [I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body had taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy.

Id. at 480.

Here, potential liability for the acts of the Board members in their individual capacities cannot be unraveled from the liability of the School Board as the decision of the Board members "unquestionably constitutes an act," or decision, of the Board itself. Id. Thus, as the Court previously concluded, the Board members are, in effect, agents of the School Board. That relationship is "sufficiently close" to establish privity. N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990). A finding of privity is further supported by the School Board's assertion, which Plaintiff does not contest, that the School Board's interests were adequately represented in the first lawsuit and that the School Board exerted substantial control over the defense.

Plaintiff moves the Court to reevaluate its conclusion that the five Board members named in the original lawsuit were in privity with the School Board.

Plaintiff's motion for reconsideration does nothing more than ask the Court to reexamine an unfavorable ruling. Plaintiff's motion does not present newly discovered evidence, nor does the motion convince the Court that it made a clear error of law or fact. The Court therefore **DENIES** Plaintiff's Motion for Reconsideration. (Doc. 53).

**SO ORDERED**, this 17th day of October, 2022.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks